IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA DREILING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| NEWMAN, HESSE & ASSOCIATES, PA, ) | |
| ) | |
| and ) | |
| ) | |
| SCOTT HESSE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Melissa Dreiling, by and through undersigned counsel, and for her complaint against the Defendants, Newman, Hesse & Associates, PA, and Scott Hesse, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### II. JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District in that Plaintiff resides here, Defendant transacts business here, and the conduct complained of occurred here.

### III. PARTIES

4. Melissa Dreiling ("Plaintiff") is a natural person who resides in Garden City, Kansas.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Newman, Hesse & Associates ("NH&A") is a collection law firm engaged in the collection of consumer debt within the State of Kansas.

7. Newman Hesse is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Scott Hesse ("Hesse") is a collection attorney engaged employed by NH&A that regularly participates in the collection of consumer debt within the State of Kansas.

9. Hesse is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.    ALLEGATIONS

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15. U.S.C. § 1692a(5).

11. On or about September 12, 2019, Hesse visited the offices of Credit Bureau Services, Inc. ("CBSI"), a collection agency in Garden City, Kansas.

12. Hesse was accompanying another collection attorney, Scott Poor ("Poor"), to aid Poor in evaluating whether to purchase CBSI.

13. While he was at Credit Bureau Services, Hesse spoke with an office manager, Diane Weiser ("Weiser").

14. Hesse asked Weiser if she knew a "Missy Dreiling," referring to the plaintiff, Melissa Dreiling.

15. Weiser confirmed that she did know a Missy Dreiling as a relative of her supervisor at CBSI.

16. Hesse proceeded to disclose that he was pursuing Ms. Dreiling on a judgment for a "bad check she wrote" and that he was also now pursuing a company he believed she was associated with in garnishment proceedings to further his collection efforts.

17. Hesse's comments were upsetting to Weiser, as she wanted no part in conversations related to her supervisor's family member's financial affairs.

18. Weiser informed her supervisor of Hesse's comments in an effort to avoid any appearance of impropriety on her part.

19. When Plaintiff was informed that her personal and private affairs were disclosed by Hesse, she felt significant embarrassment and frustration.

20. She felt Hess's comments were inappropriate, unprofessional and unethical.

21. Plaintiff was shocked to hear that these comments came from an attorney because she generally expected more from those with the training and experience to know better.

22. These communications by Hesse violated 15 U.S.C. § 1692c(b) of the FDCPA, in that Hesse communicated private information regarding a consumer to a third party.

23. Further, as Hesse was operating as an agent and employee of NH&A, NH&A is responsible for Hesse's actions.

## V.   JURY DEMAND

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Melissa Dreiling respectfully prays for judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from Hesse and NH&A;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Hesse and NH&A;

c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Hesse and NH&A;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

By: /s/ Andrew M. Esselman
Andrew M. Esselman #26113
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO  64064
Telephone:  816-246-7800
Facsimile:   855-523-6884
andrewe@creditlawcenter.com
Attorney for Plaintiff